# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                    :
YODIE BAKER,                        :
                                    :
                    Plaintiff,      :        Civil Action No.:    09-1792 (RMU)
                                    :
           v.                       :        Re Document Nos.:    2, 3, 13
                                    :
D.C. PUBLIC SCHOOLS *et al.*,       :
                                    :
                    Defendants.     :
———————————————————————:


———————————————————————
                                    :
LOUISE IRVING,                      :
                                    :
                    Plaintiff,      :        Civil Action No.:    09-1794 (RMU)
                                    :
           v.                       :        Re Document Nos.:    2, 3, 14
                                    :
D.C. PUBLIC SCHOOLS *et al.*,       :
                                    :
                    Defendants.     :
———————————————————————:


———————————————————————
                                    :
VIRGINIA HAYES,                     :
                                    :
                    Plaintiff,      :        Civil Action No.:    09-1798 (RMU)
                                    :
           v.                       :        Re Document Nos.:    2, 3, 14
                                    :
D.C. PUBLIC SCHOOLS *et al.*,       :
                                    :
                    Defendants.     :
———————————————————————:

_____

                                         :
YODIE BAKER,                             :
                                         :
                 Plaintiff,              :        Civil Action No.:     09-1801 (RMU)
                                         :
        v.                               :        Re Document Nos.:    2, 3, 13
                                         :
D.C. PUBLIC SCHOOLS *et al.*,            :
                                         :
                 Defendants.             :
_____         :


## MEMORANDUM OPINION

**DENYING THE PLAINTIFFS' MOTIONS TO REMAND; GRANTING THE PLAINTIFFS' MOTIONS
FOR LEAVE TO FILE AN AMENDED COMPLAINT; DENYING AS MOOT THE DEFENDANTS'
MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

## I. INTRODUCTION

This matter comes before the court on the motions to remand and the motions for leave to

file amended complaints filed by the plaintiffs in the above-captioned matters. The plaintiffs,

parents of minor children entitled to the protections of the Individuals with Disabilities

Education Act ("IDEA"), commenced these substantively identical actions in the Superior Court

of the District of Columbia, alleging that the defendants had violated the IDEA by failing to pay

attorney's fees to which the plaintiffs were entitled. The defendants removed the actions to this

court, and the plaintiffs have now filed motions to remand the cases to the Superior Court. The

plaintiffs have also filed motions to amend their complaints. The defendants have moved in each

case to dismiss or, in the alternative, for a more definite statement. Upon consideration of the

parties' submissions, the court concludes that these actions were properly removed to this court

and therefore denies the plaintiffs' motions to remand. In addition, the court concludes that the

plaintiffs are entitled to amend their complaint.  This ruling renders moot the defendants'

motions to dismiss or, in the alternative, for a more definite statement.


## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiffs are parents of minor children who are enrolled in the District of Columbia

Public Schools and subject to the IDEA.  Pls.' Mots. to Amend,[1] Ex. 1 ("Proposed Am.

Compls.") ¶ 2.  They allege as follows: at some point prior to September 2009, each complained

that the defendants had failed to provide a Free and Appropriate Public Education ("FAPE") to

their children as required under the IDEA.  *See id.* ¶ 4.  The parties participated in administrative

due process hearings, after which Hearing Officer Determinations ("HOD") were issued granting

the plaintiffs the relief they sought.  *Id.* ¶ 5.

Following the issuance of the HODs, the plaintiffs filed actions in the Small Claims and

Conciliation Branch of the Superior Court in August 2009, seeking to recover the attorney's fees

they incurred in prosecuting their IDEA claims.  *See generally* Compls.  The defendants

removed these actions to this court on September 18, 2009.  *See* Notices of Removal.  Shortly

thereafter, the defendants filed motions to dismiss or, in the alternative, for a more definite

statement, arguing that the complaints failed to contain a "short and plain statement of the claim"

as required by Federal Rule of Civil Procedure 8(a), and that in the alternative, the complaints

were so vague or ambiguous that the defendants could not reasonably prepare a response, in

violation of Rule 12(e).  *See generally* Defs.' Mots.

---

[1]     All of the submissions filed in the four above-captioned cases are nearly identical.  Accordingly,
        for ease of citation, the court cites to each submission as it was filed in all four cases.

Rather than respond to the defendants' motions, the plaintiffs opposed the removal of these cases from the Superior Court, filing motions to remand on October 1, 2009.[2] *See generally* Pls.' Mots. to Remand. The plaintiffs then filed motions for leave to amend their complaints on January 19, 2010. *See generally* Pls.' Mots. to Amend. All of the aforementioned motions are now ripe for adjudication.

## III. ANALYSIS

### A. The Court Denies the Plaintiffs' Motions to Remand

As a preliminary matter, the plaintiffs argue that the court should remand these cases to the Superior Court because in their complaints, they assert simple contract claims rather than claims properly before this court. *See generally* Pls.' Mots. to Remand. The defendants respond that the plaintiffs' claims arise under the IDEA and were therefore properly removed to this court. *See generally* Defs.' Opp'ns to Pls.' Mots. to Remand.

A defendant may properly remove to federal court an action brought in a state court that arises under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); *Hardin-Wright v. D.C. Water & Sewer Auth.*, 350 F. Supp. 2d 102, 104 (D.D.C. 2005) (citations omitted). "If, however, state law creates the cause of action, the court must determine whether

---

[2]     Although the plaintiffs' motions to remand are captioned "opposition[s] to defendants' notice[s] of removal," the plaintiffs subsequently clarified that they would like the court to construe their submissions as motions to remand. *See generally* Pls.' Replies in Support of Pls.' Mots. to Remand. The court grants this request. *See Gray v. D.C. Pub. Sch.*, 688 F. Supp. 2d 1, 2 n.1 (D.D.C. 2010) (construing the plaintiff's "opposition to defendants' notice of removal" as a motion to remand (citing *Leitner v. United States*, 2010 WL 151985, at *2 (D.D.C. Jan. 18, 2010))).

the adjudication of those state law claims requires resolution of a substantial question of federal law, [] because the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id*. at 104-05 (internal quotation marks and citations omitted) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)).

The plaintiffs' claims appear to arise under the IDEA; indeed, the plaintiffs assert that they are entitled to attorney's fees because they "exhausted [their] procedural claims under IDEA." Pls.' Mots. to Remand at 2. Thus, their attempt to construe their claims as "simple contract claim[s]," *see id.*, is unavailing. Numerous other judges have summarily rejected substantively identical motions to remand filed by plaintiffs in similar circumstances as the plaintiffs in the above-captioned cases. *See Gray v. D.C. Pub. Sch.*, 688 F. Supp. 2d 1, 3-5 (D.D.C. 2010) (denying the plaintiff's motion to remand); Order (Oct. 23, 2009), *Elliot v. D.C. Pub. Sch.*, Civil Action No. 09-1802 (concluding that "this action is not a simple contract action governed by local law, but rather, it arises under the IDEA and appears to be a claim for attorney's fees under 20 U.S.C. sec. 1415(i)(3)(A) and (B)"); *accord* Order (Oct. 23, 2009), *Kirksey v. D.C. Pub. Sch.*, Civil Action No. 09-1786; Order (Oct. 23, 2009), *Morgan v. D.C. Pub. Sch.*, Civil Action No. 09-1803; Order (Oct. 23, 2009), *Walker v. D.C. Pub. Sch.*, Civil Action No. 09-1795; Minute Order (Oct. 15, 2009), *Molina v. D.C. Pub. Sch.*, Civil Action No. 09-1779; Minute Order (Oct. 16, 2009), *Carter v. D.C. Pub. Sch.*, Civil Action No. 09-1796. The court considers the reasoning of those judges equally applicable in the above-captioned cases. As a result, the court denies the plaintiffs' motions to remand these cases to the Superior Court.

**B. The Court Grants the Plaintiffs' Motions for Leave to Amend Their Complaints**

**1. Legal Standard for a Motion to Amend a Complaint**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it, or, if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading or within twenty-one days after the defendant files a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15. *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 283 (D.C. Cir. 2000); *Bowden v. United States*, 176 F.3d 552, 555 (D.C. Cir. 1999); *U.S. Info. Agency v. Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990).

Once the time to amend a pleading as a matter of course elapses, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *see also Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated failure to cure deficiencies by previous amendments. *Id.*; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

The text of Rule 15 does not prescribe a time limit on motions for leave to amend. FED. R. CIV. P. 15(a); *Caribbean Broad. Sys.*, 148 F.3d at 1084. Accordingly, a court should not deny leave to amend based solely on time elapsed between the filing of the complaint and the request for leave to amend. *Atchison v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) (citing *Hayes v. New England Millwork Distribs., Inc.*, 602 F.2d 15, 19 (1st Cir. 1979)). Nor does the prolonged nature of a case affect whether a plaintiff may amend a complaint. *Caribbean Broad. Sys.*, 148 F.3d at 1084 (concluding that the length of litigation is relevant only insofar as it suggests bad faith or prejudice). Rather, the court should take into account the actions of other parties and the possibility of resulting prejudice. *Atchison*, 73 F.3d at 426; *Caribbean Broad. Sys.*, 148 F.3d at 1084.

### 2. The Plaintiffs Are Entitled to Amend Their Complaints

For the reasons discussed below, the court grants the plaintiffs leave to amend their complaints.[3] The plaintiffs assert that amending their complaints will allow them to "provide

---

[3] As an initial matter, the court clarifies that the plaintiffs may not amend their complaints without leave of the court. The defendants filed their motions to dismiss or, in the alternative, for a more definite statement on September 23, 2009. *See generally* Defs.' Mots. Although the version of Rule 15 in effect at that time permitted the plaintiffs to amend their complaints once as a matter of course until the defendants filed a responsive pleading, *see* FED. R. CIV. P. 15(a) (2007), the current version of Rule 15 effective December 1, 2009, permits a plaintiff to amend a complaint once as a matter of course within "21 days after serving it, or . . . if . . . a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," FED. R. CIV. P. 15(a)(1). The amended rule applies to pending proceedings "insofar as just and practicable." Order, 2009 U.S. Order 17 (Mar. 26, 2009). The plaintiffs' motions to amend their complaints were not filed until January 19, 2010, *see generally* Pls.' Mots. to Amend, 118 days after the defendants filed their motions to dismiss or, in the alternative, for a more definite statement and forty-nine days after the current version of Rule 15 went into effect. Thus, the court concludes that it is just and practicable to apply the current version of the rule to the plaintiffs' motions, and as a result, the plaintiffs are not entitled to amend their complaints as a matter of course. *See Galustian v. Peter*, 591 F.3d 724, 730 n.4 (4th Cir. 2010) (considering the plaintiff's motion for leave to amend his complaint based on the version of Rule 15 in effect when the motion was filed). As discussed below, however, the court determines that the plaintiffs are entitled to leave to amend their complaints.

further detail that will shed light on the issue in this action." Pls.' Mots. to Amend at 2. The defendants oppose the plaintiffs' motions, arguing that the recent amendment to Rule 15 imposes "new strict time limitations" for amending a complaint such that a motion to amend filed more than twenty-one days after the filing of a dispositive motion is "presumptively unreasonable and prejudicial." Defs.' Opp'ns to Pls.' Mots. to Amend at 3-4. The defendants also contend that the plaintiffs unreasonably delayed the filing of their motions to amend and that granting their motions would cause the defendants undue prejudice. *See id.* at 4-5 (stating that the plaintiffs' motions "raise[] new facts and significantly increase[] [the plaintiffs'] demand for damages above what [they] sought" in the original complaint).

Contrary to the defendants' interpretation of the current version of Rule 15, the court must grant leave to amend "when justice so requires." *See Gray*, 688 F. Supp. 2d at 6 (rejecting the defendant's argument as advanced in a case involving identical factual circumstances, and noting that the "[d]efendants misinterpret[ed] the new wording of [Rule 15]"). Accordingly, rather than being "presumptively unreasonable and prejudicial" at this stage of the proceedings, amendment is proper unless the motion to amend was brought in bad faith or amendment would be futile or would cause undue delay or undue prejudice. *Id.*; *see also Foman*, 371 U.S. at 182.

The defendants do not assert that the plaintiffs' motions were brought in bad faith or that amendment would be futile. *See generally* Defs.' Opp'ns to Pls.' Mots. to Amend. Rather, they urge the court to deny the plaintiffs' motions for leave to amend because the plaintiffs' delay was unreasonable. *Id.* at 4. "Consideration of whether delay is undue, however, should generally take into account the actions of other parties and the possibility of any resulting prejudice." *Atchinson*, 73 F.3d at 426 (citing *Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (D.C. Cir. 1981));

*see also Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999) (holding that "[w]here an amendment would do no more than clarify legal theories or make technical corrections, [the Circuit has] consistently held that delay, without a showing of prejudice, is not a sufficient ground for denying the motion"). The defendants offer no adequate explanation as to how they would be prejudiced by the filing of an amended complaint at this stage of the proceedings. *See generally* Defs.' Opp'ns to Pls.' Mots. to Amend. To the contrary, allowing the plaintiffs to amend their complaints to clarify their legal theories may well facilitate the expeditious resolution of this case. Amendment is particularly advisable in light of the fact that each plaintiff's original complaint consists of a one-page Statement of the Claim form issued by the Small Claims and Conciliation Branch of the Superior Court. Indeed, the defendants implicitly concede that amendment is appropriate by moving to dismiss the complaints for failure to contain "a short and plain statement of the claim" or, in the alternative, for a more definite statement. *See generally* Defs.' Mots. Accordingly, the plaintiffs are entitled to file amended complaints in the above-captioned actions.[4]

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiffs' motions to remand, grants the plaintiffs' motions for leave to file amended complaints and denies as moot the defendants' motions to dismiss or, in the alternative, for a more definite statement. An Order consistent with

---

[4]     As a consequence, the court denies as moot the defendants' motions to dismiss or, in the alternative, for a more definite statement. *See, e.g., P & V Enters. v. U.S. Army Corps of Eng'rs*, 466 F. Supp. 2d 134, 135 n.1 (D.D.C. 2006).

this Memorandum Opinion is separately and contemporaneously issued this 6th day of July,

2010.

RICARDO M. URBINA
United States District Judge